IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NORMAN LYLES, individually and )
on behalf of similarly situated )
persons,                         )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        1:21-CV-00538
                                 )
TAR TIGER PIZZA, LLC and SEAN    )
T. HEANEY,                       )
                                 )
            Defendant.           )

**ORDER**
**on Preliminary Approval of Settlement**

THOMAS D. SCHROEDER, Chief District Judge.

This action is a putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and a putative class action under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 et seq. Plaintiff Norman Lyles contends that Defendants Tar Tiger Pizza and Sean T. Heaney "used a flawed method" to reimburse Defendants' North Carolina delivery drivers for expenses related to the drivers' vehicles, which resulted in "unreasonably low rate[s]." (Doc. 1 at 1-2.)

Before the court is the joint motion of Plaintiff Norman Lyles and Defendants Tar Tiger Pizza, LLC and Sean T. Heaney for class certification and preliminary approval of settlement. (Doc. 17.) This Order incorporates by reference the definitions set forth in the motion for preliminary approval (Doc. 17) and the settlement

and release agreement ("Agreement") (Doc. 23).[1]  The court has considered the motion, proposed settlement agreement, and the entire record of this case.  For the reasons that follow, the joint motion will be granted, and

The court FINDS and HEREBY ORDERS that:

1.    The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367.  Further, the court has jurisdiction over all settling parties.

2.    The court preliminarily finds that this action satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

      a.    The Class Members are so numerous that joinder of all of them in this lawsuit is impracticable;

      b.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

      c.    The claims of the Plaintiff is typical of the claims of the Class Members;

      d.    Plaintiff and Class Counsel have fairly and adequately represented and protected the interests

---

[1] The court uses the term "Agreement" to refer to the agreement outlined in Document 23 as the "Settlement and Release Agreement."  The term "settlement" is defined as "the settlement of this lawsuit pursuant to the terms of the agreement."

2

of all the Class Members; and

  e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

  3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of Plaintiffs (the "Class Members") with respect to the claims asserted in this lawsuit (the "Settlement Class"):

> **All persons who worked as a delivery driver for Defendants Tar Tiger Pizza, LLC at Domino's Pizza stores at any time between November 9, 2018, and November 22, 2022.**

(Doc. 17 at 4).

  4. The parties represent that no more than seven calendar days after the filing of this motion for preliminary approval of the Settlement the Defendants provided the Claims Administrator[2] the names, store numbers, last known addresses, last known telephone numbers, and last four digits of the social security numbers of the Class Members. (Doc. 23 at 12.) Further, the parties represent that the Defendants provided the Claims

---

[2] The parties use the term "Administrator." However, for clarity the court uses "Claims Administrator" to refer to the third party claims administrator.

3

Administrator with data indicating the number of miles driven for each Class Member from the beginning of the applicable Release Period through November 8, 2021. (Id.) This data constituted the "Initial Class Data List." (Id.)

5. Pursuant to Federal Rule of Civil Procedure 23, the court appoints Plaintiff Norman Lyles as Class Representative. (See Doc. 23 at 10.)

6. Pursuant to Federal Rule of Civil Procedure 23(g), the court appoints Jay Forester, Esquire and Forester Haynie PLLC, as well as Jacob J. Modla, Esquire and the Law Offices of Jason E. Taylor P.C. as Class Counsel. (Doc. 23 at 10.)

7. The court preliminarily finds that the settlement of this lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength and weaknesses on the merits of the Plaintiffs' case; the existence of any difficulties of proof or strong defenses the Plaintiffs are likely to encounter if this case goes to trial; the anticipated duration and expense of additional litigation; the stage of the proceedings; the complexity, expense, and probable duration of further litigation; and the solvency of the Defendants and the likelihood of recovery on a litigated judgment. Additionally, it appears that the proposed settlement was reached as a result of

4

intensive, non-collusive, arms-length negotiations by skilled and experienced counsel.

8.   The court approves as Claims Administrator CAC Services, Group, LLC, 6420 Flying Cloud Drive, Suite 101, Eden Prairie, MN 55344.

9.   The court approves the form and substance of the Notice attached to the Agreement as Exhibit A, except that the definition of the Settlement Class shall be as noted above.  (See Doc. 23-1.)

10.   The proposed Notice and method for notifying the Class Members of the Settlement and the Agreement, and the terms and conditions of the Settlement and Agreement, meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities to the notice.  The court finds that the Notice is clearly designed to advise the Class Members of their rights.  In accordance with the Agreement, within ten days of this Order the Defendants will supplement the Initial Class Data List and provide to the Claims Administrator data for employees who worked from November 9, 2021 through the date of this Order.  (Doc. 23 at 13.)  These lists combined will constitute the "Final Class Data List."  (Id.)  In accordance with the Agreement, the Claims Administrator will mail

the Notice and Claim Form[3] to the Class Members as expeditiously as possible, but in no event later than fifteen days of receipt of the Final Class Data List. (Id.)

11. Class Members shall have fifty calendar days after the initial mailing of the Notices to return their Claim Forms to the Claims Administrator. (Doc. 23 at 13.) Pursuant to the agreement, the Claim Forms may be submitted to the Claims Administrator via U.S. mail postmarked on or before the end of the fifty-day period. (Id.) The Class Member must include the last four digits of his/her social security number in order to verify his/her identity. (Id.)

12. Any Class Member who desires to be excluded from the class must send a written request for exclusion no later than fifty days after the date the Claims Administrator mails the Notice. (Doc. 23 at 13.) The written request for exclusion must include the Class Member's name, address, email address, telephone number, a statement clearly indicated the Class Member's desire to opt-out of the settlement, and the Class Member's signature, which must be notarized. (Doc. 23 at 16.) The written notice may be submitted to the Claims Administrator via U.S. mail or fax. (Id.) A Class Member who does not timely file a valid written exclusion notice by the deadline shall be bound by all terms and conditions, releases

---

[3] The "Claim Form" (Doc. 23-1 at 12-13) is the "approved claim form and consent to join [the Settlement] that Class Members must complete, sign and timely return to receive a payment from a claim fund." (Doc. 23 at 1.)

and by the Judgment, regardless of whether he or she submits a Claim Form. (Id. at 16-17.) Any Class Member who timely submits a valid written exclusion notice shall not participate in, or be bound by, the Settlement or the Judgment in any respect. (Id.)

13. Any Class Member who intends to object to the fairness of this Settlement must file a written objection with the court no later than fifty days after the date that the Claims Administrator first mails the Notice. The objection must include a written statement objecting to the Settlement and setting forth the grounds for the objection. Further, the member must indicate whether he or she intends to appear and object at the Final Fairness Hearing. The notice of objection must be sent to the Claims Administrator and served on Class Counsel and Defendant's counsel. (Doc. 23 at 16.)

14. Any objection filed with the court after the deadline shall be untimely, invalid, and not considered by the court regardless of the date of the postmark or mailing of the objection.

15. The court will conduct a hearing on March 28, 2023, at 10:00 a.m. in Courtroom 2 at the Hiram H. Ward Federal Building & U.S. Courthouse, 251 N. Main Street, Winston-Salem, NC 27101, to review and make a final ruling upon the following issues:

> a. Whether this action satisfies the applicable prerequisites for class action treatment for

settlement purposes under Federal Rule of Civil Procedure 23;

b.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the court;

c.   Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing this lawsuit with prejudice and releasing the Released Parties; and,

d.   To discuss and review other issues as the court deems appropriate.

                              /s/   Thomas D. Schroeder
                              United States District Judge

November 22, 2022