IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORMAN LYLES, individually and on behalf of similarly situated persons, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:21cv538 ) |
| TAR TIGER PIZZA, LLC., and SEAN T. HEANEY, | ) ) ) |
| Defendants. | ) |

## ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND RELEASE AGREEMENT

Norman Lyles, individually and on behalf of similarly situated persons, filed this collective action against Tar Tiger Pizza, LLC. and Sean T. Heaney, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. et seq., and requesting a collective action pursuant to 29 U.S.C. § 216(b), for failure to pay employees the federal minimum wage. (Doc. 1 ¶ 2.) Lyles also asserted violations of the North Carolina Wage and Hour Act pursuant to North Carolina General Statutes § 95-25.1, et seq., for the same conduct. (Id.) Before the court is Lyles's "Unopposed Motion for Final Approval of Class and Collective Action Settlement Agreement." (Doc. 30.) The court held a fairness hearing on March 28, 2023, and has reviewed the record in its entirety. For the reasons that follow, the motion will be granted.

I.  BACKGROUND

On June 29, 2021, Lyles filed this action against Defendants, alleging that they failed to pay him and others a minimum wage while employed at their Domino's Pizza stores.  (Doc. 1 ¶ 2.)  In November 2021, the court granted a stay in the litigation for the parties to conduct mediation.  (Doc. 11.)  On February 7, 2022, the parties informed the court that they reached a settlement. (Doc. 12.)  On April 8, 2022, Lyles filed a "Joint Motion to Approve Settlement" (Doc. 17), which Defendants supplemented with a supporting memorandum on July 7, 2022 (Doc. 23).  The court granted preliminary approval of the settlement on November 22, 2022, and set a fairness hearing for March 28, 2023.  (Doc. 28.)

On March 17, 2023, prior to the fairness hearing, Lyles filed the instant Unopposed Motion for Final Approval of Class and Collective Settlement Agreement.  (Doc. 30.)

On March 28, 2023, the court held a fairness hearing to review the terms of the settlement, hear any objections, and determine whether the proposed settlement should be approved, including the requests for attorneys' fees.  Citing largely from Defendants' supporting memorandum (Doc. 23), the parties informed the court that the total settlement amount was $150,000. (Doc. 23 ¶ 2.) Further the $150,000 would be allocated as follows: $72,500 to

Class Members as the net settlement fund (id. ¶ 15)[1]; $15,000 to the third-party claims administrator for costs and, if anything remains, the balance to Lyles's counsel to cover approved litigation costs (id. ¶ 2; Doc. 30-1 ¶ 15)[2]; $50,000 to Lyles's counsel for reasonable attorneys' fees; $2,500.00 to Lyles (Doc. 23-2 ¶ 4); and $10,000 to a reserve fund for additional claimants that come forward up until November 22, 2025, at which time any balance of the reserves will revert to Defendants (Doc. 23 ¶¶ 22-23).[3]

---

[1] As per the proposed Settlement and Release Agreement, the class members who did not affirmatively opt-out of the settlement will receive a minimum payment of $30.00 with any unclaimed checks reverted to the "Reserve Fund," see infra n.3, after 180 calendar days. (Doc. 23 ¶ 35(b).) The remaining funds will be distributed to class members as set out in paragraph 36 of the proposed Settlement and Release Agreement. (Doc. 23 ¶ 36.)

[2] In the proposed Settlement and Release Agreement, the parties noted that "an amount not to exceed Fifteen Thousand and 00/100 Dollars ($15,000.00)" would be allocated to cover the third-party claims administrator fees and costs first. (Doc. 23 ¶ 2.) Any balance would then "pay Plaintiff's Court-approved advanced litigation costs." (Id.) The third-party claims administrator contends that its cost were $10,607.85, which leaves $4,392.15 for approved litigation costs incurred by Plaintiff's counsel. (Doc. 30-1 ¶ 15.) Lyles's counsel contend that they incurred $5,230.06 in approved costs, inclusive of $3,956.29 in mediation fees.

[3] The proposed Settlement and Release Agreement noted that the $10,000 would be held in a "Reserve Fund" and revert back to Defendants after the "Reserve Fund Period," which is defined as "the period beginning on the calendar days following close of the Notice Period through the expiration of the three-year statute of limitations under the Fair Labor Standards Act, which will be three years following Preliminary Approval." (See Doc. 23 ¶¶ 22-23.) The parties contend this date is November 22, 2025, because the court ordered preliminary approval of the settlement on November 22, 2022 (Doc. 28).

## II. APPLICABLE LAW

Pursuant to § 216(b) of the FLSA, when an action is brought by an employee against his employer to recover back wages, the proposed settlement must be presented to the district court for review and determination that the settlement is a fair and reasonable compromise of disputed claims and issues arising from a *bona fide* dispute. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982); Taylor v. Progress Energy Inc., 493 F.3d 454, 460 (4th Cir. 2007), superseded on other grounds as recognized by Whiting v. Johns Hopkins Hosp., 416 F. App'x 312, 316 (4th Cir. 2011).

"[T]here is a judicial prohibition against the unsupervised waiver or settlement of claims" under the FLSA. Taylor, 493 F.3d at 460 (citing D.A. Schulte, Inc. v. Gangi, 328 108, 114-16 (1946)). Thus, courts must determine that an FLSA settlement between an employee and an employer represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before approving the settlement. Hargrove v. Ryla Teleservices, Inc., No. 2:11cv344, 2013 WL 1897027, at *10 (E.D. Va. Apr. 12, 2013) (quoting Lynn's Food Stores, 679 F.2d at 1355). When deciding whether there is a *bona fide* dispute as to a defendant's liability, courts consider the pleadings and the proposed settlement agreement. Duprey v. Scotts Co. LLC, 30 F. Supp. 3d 404, 408 (D. Md. 214) (citing Lomascolo v. Parsons Brinckerhoff,

4

Inc., No. 1:08cv1310, 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009)). Here, Lyles's FLSA claims constitute a *bona fide* dispute.

Although the Fourth Circuit has not directly addressed the relevant factors to consider when determining whether an FLSA settlement is fair and reasonable, district courts within the circuit have generally considered the fairness factors a court would consider under Federal Rule of Civil Procedure 23(e). See Hoffman v. First Student, Inc., No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); Lomascolo, 2009 WL 3094955, at * 11. For example, some courts have cited the following factors for consideration: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery. Hargrove, 2013 WL 1897027, at *2 (citing Lomascolo, 2009 WL 3094955, at *10). "There is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." Lomascolo, 2009 WL 3094955, at *10 (quoting Camp v. Progressive Corp., No. 01-2680, 2004 WL

5

2149079, at *5 (E.D. La. Sept. 23, 2004)).

**III. RELEVANT FACTORS FAVORING SETTLEMENT**

In considering the relevant factors, the court finds the following: (1) the parties have engaged in informal discovery, which included production of delivery driver mileage and reimbursement data for the Settlement Class Members, which allowed Lyles to forecast his chance of success, as well as Defendants' possible defenses (Doc. 30 at 4); (2) the stage of the proceedings and the complexity, expense, and likely duration of continued litigation favor settlement; (3) there is an absence of any collusion or fraud in the settlement agreements; and (4) Plaintiff's counsel is experienced in such cases, having litigated numerous other wage and hour matters on class, collective, and individual bases (Doc. 30-3 at 1-3). The court has also considered the probability of Plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. The proposed settlement appears to be the product of arms-length bargaining between experienced counsel and experienced Defendants' counsel, who have independently evaluated the likelihood of prevailing on their claims and defenses. (See Doc. 30 at 3-5; 30-3 ¶¶ 4-6, 9.) Further, to date there has been no objections filed to the settlement, and no one appeared at the fairness hearing to object. (Doc. 30 at 3; Doc. 30-3 ¶ 12.) The settlement should

therefore be approved.[4]

**IV. ATTORNEYS' FEES & COSTS**

The FLSA authorizes "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in addition to any judgment awarded to the plaintiff. 29 U.S.C. § 216(b); see Poulin v. Gen. Dynamics Shared Res., Inc., No. 3:09-CV-00058, 2010 WL 1813497, at *3-4 (W.D. Va. May 5, 2010) ("[T]he language of the FLSA contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs[]' . . . ." (quoting Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946))). The Fourth Circuit considers twelve factors in judging the reasonableness of an award of attorneys' fees in FLSA cases:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

---

[4] Defendants state that they have so far complied with the Class Action Fairness Act Notice Requirements pursuant to 28 U.S.C. § 1715. (See Doc. 30-1 ¶¶ 4-14; Doc. 30-1 at 5-13.)

7

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978), superseded by statute on other grounds as recognized by Knapp v. Americredit Fin. Servs., 245 F. Supp. 2d 841, 848 (4th Cir. 2003).

Here, Plaintiff's counsel agreed to represent Lyles and the putative class at significant financial risk and have invested substantial time and energy to obtain this settlement. "Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" Aros v. United Rentals, Inc., Civ. A. No. 3:10-CV-73, 2012 WL 3060470, at *4 (D. Conn. July 26, 2012) (quoting Sand v. Greenberg, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)).

Plaintiff's counsel represents they have spent over 100 hours on this action, including "investigating the facts, reviewing documents and data, analyzing Defendants' data disclosures, reviewing and rising a computerized damages model," and more. (Doc. 30-3 ¶ 10.) Further, Plaintiff's counsel contends that the "norm" for partner level employment lawyers with their experience is between $500 to $750 per hour and that associate level lawyers bill between $350 to $500 per hour. (Doc. 30-3 ¶ 10 (citations omitted).) Presently, the settlement allocates approximately 33% of the total settlement fund for attorneys' fees. When evaluating counsel's lodestar fee calculation against the $50,000 allocation

for attorneys' fees, the court finds that the award is reasonable under the circumstances.[5] In addition, the court will approve the $4,392.15 remaining from the $15,000 allocated for the third-party administrator fees to cover counsel's litigation costs. (Doc. 30-1 ¶ 15.) Plaintiff's counsel contend they incurred $5,230.06 in approved costs, inclusive of $3,956.29 in mediation fees, and so the court finds $4,392.15 to be reasonable under the circumstances.

## V. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED AND ADJUDGED that the Unopposed Motion for Final Approval of Class and Collective Action Settlement Agreement (Doc. 30) is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that the award of $72,500 for the Class Members to be distributed in accordance with the Settlement and Release Agreement (Doc. 23 ¶¶ 35-36) is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's counsel's request for attorneys' fees in the total amount of $50,000 is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's counsel's request for $4,392.15 to cover litigation costs is GRANTED;

---

[5] Plaintiff's counsel suggested during the fairness hearing that as of August 2022, the lodestar amount would be $57,000 and that since then they have incurred substantial time.

IT IS FURTHER ORDERED AND ADJUDGED that the request for $2,500 for Plaintiff Lyles is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that the request for $10,000 to be set aside for the future claimants up until November, 22, 2025, with any additional funds to revert to the Defendants, is GRANTED;

IT IS FURTHER ORDERED AND ADJUDGED that Defendants comply with any further requirements of the Class Action Fairness Act.

IT IS FURTHER ORDERED AND ADJUDGED that this case is DISMISSED.

/s/   Thomas D. Schroeder
United States District Judge

April 12, 2023